IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN HINES, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-3150 |
| CITY OF LIVINGSTON, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

In 1992 a Texas jury convicted Bobby Lee Hines of capital murder and sentenced him to death. For two decades Hines has challenged his conviction and sentence in state and federal courts. Most recently, the Court of Appeals for the Fifth Circuit rejected Hines' claim that he is mentally retarded and, therefore, exempt from execution. Hines v. Thaler, 456 Fed. App'x 357 (5th Cir. 2011). The State of Texas plans on executing Hines this evening.

On October 23, 2012, friends and family members of Hines ("the plaintiffs") filed this action pursuant to 42 U.S.C. § 1983. The plaintiffs name various government officials and legal entities, including the Director of the Texas Department of Criminal Justice, Institutional Division, as defendants. The plaintiffs allege that they have "suffered immeasurable harm" for 21 years because "their voices have not been heard" on how Hines' death sentence has caused them "irreversible harm[.]" Also, the plaintiffs allege that they

have been misled into believing that Hines' attorneys have been "effective when in fact it is his own attorney[s] that have sealed his fate" by defaulting several claims. Additionally, the plaintiffs state that the means by which the State of Texas will implement Hines' sentence of lethal injection – "a one-drug protocol that the plaintiff[s] are unfamiliar with" – will amount to "committing a crime" against "unheard voices" because it is "Cruel and Unusual Punishment." (Docket Entry No. 1) For those reasons the plaintiffs ask the court to enter an injunction staying Hines' execution.

The defendants have filed a Motion to Dismiss Complaint and Opposition to Injunctive Relief. (Docket Entry No. 5) For the reasons discussed below, the court will grant the defendants' motion, will deny the plaintiffs' request for an injunction, and will dismiss this case.

As an initial matter, the plaintiffs have not established standing to proceed in this lawsuit. Standing is an indispensable jurisdictional prerequisite. See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11 (2004). To establish standing plaintiffs must "allege[] such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" Baker v. Carr, 369 U.S. 186, 204 (1962). Standing requires a plaintiff to allege a "distinct and palpable" injury, Warth v. Seldin, 422

U.S. 490, 501 (1975), that is concrete, actual or imminent, fairly traceable to the defendant, and likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 60-61 (1992). The alleged harm cannot be conjectural, hypothetical, or merely abstract. See Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983), O'Shea v. Littleton, 414 U.S. 488, 494 (1974).

While the plaintiffs cast their novel claims in the context of the emotional effect Hines' death sentence has had on them as individuals, their core concern is Hines' own legal rights. "The direct, distinct, and palpable injury in a criminal proceeding plainly falls only on the defendant[.]" United States v. Grundhoefer, 916 F.2d 788, 791 (2d Cir. 1990). Because federal law honors a "general prohibition on raising the rights of third parties," Berry v. Jefferson Parish, 326 F. App'x 748, 750 (5th Cir. 2009) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)), "next friend" litigation may only proceed if an individual is clearly unable to seek relief on his own behalf. See Gilmore v. Utah, 429 U.S. 1012, 1014 (1976); see also FED. R. CIV. P 17(c). The plaintiffs have not alleged any impediment that prevents Hines from litigating his own legal challenges. Nothing hinders Hines, who is apparently still represented by counsel, from raising complaints about the constitutionality of his conviction and sentence. The plaintiffs do not have standing to proceed in this action.

Moreover, even if plaintiffs had alleged injury to themselves, they have not shown that an injunction should issue. An injunction

-3-

is an "extraordinary remedy" that becomes available if the movant establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

Byrum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009). A court also considers the dilatory nature of an eleventh-hour lawsuit when considering the request for an injunction. See Gomez v. U.S. Dist. Ct. for the N.D. Calif., 503 U.S. 653, 654 (1992) ("Equity must take into consideration the State's strong interest in proceeding with its judgment [.]").

The plaintiffs could have raised the issues in this lawsuit long before the eve of execution. The timing of this civil action weighs heavily against staying Hines' execution, particularly as the plaintiffs allege to have suffered harm for many years. See Hill v. McDonough, 547 U.S. 573, 584 (2006); Nelson v. Campbell, 541 U.S. 637, 650 (2004); Gomez, 503 U.S. at 654; Reese v. Livingston, 453 F.3d 289, 290 (5th Cir. 2006). The plaintiffs have not shown equitable entitlement to an injunction.

Finally, a district court may dismiss any civil-rights action if the complaint is frivolous and fails to state a claim upon which relief can be granted. Here, the plaintiffs only raise generalized concerns that could apply to all who have family members in the criminal justice system who are facing execution. The Constitution

-4-

and federal law do not provide redress for emotional distress on the family of one lawfully convicted and sentenced to death. The plaintiffs fail to raise a cognizable ground for relief.

Federal law does not allow this court to enjoin Texas from carrying out Hines' execution. The court finds that the plaintiffs do not have standing to proceed and have not raised claims upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss Complaint and Opposition to Injunctive Relief (Docket Entry No. 5) is **GRANTED,** and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 24th day of October, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE